**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **AWANA CLUBS INTERNATIONAL** ) | |
| **One East Bode Road** ) | |
| **Streamwood, IL 60107** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **-v-** ) | **Civil Action No._____** |
| ) | |
| **LINDA M. SPRINGER** ) | |
| **in her official capacity as** ) | |
| **Director of the United States Office** ) | |
| **of Personnel Management** ) | |
| **1900 E Street, N.W.** ) | |
| **Washington, D.C. 20415-0001,** ) | |
| ) | |
| **Defendant.** ) | |

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Awana Clubs International ("Awana") by undersigned counsel, respectfully presents this action to declare unlawful and enjoin certain actions of defendant, Linda M. Springer in her official capacity as Director of the United States Office of Personnel Management and others acting under her authority (hereinafter, "defendant" shall be deemed to include persons acting under her authority) with regard to the interpretation of regulations related to the Combined Federal Campaign ("CFC") as it applies to plaintiff. Specifically, as set forth in the averments below, defendant acted without authority and arbitrarily to deny the application of plaintiff for inclusion as an eligible organization in the 2006 CFC. The actions by defendant violate 5 C.F.R. Part 950, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-706, and the First Amendment.

**Jurisdiction and Venue**

1.      This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. § 1346 (United States as defendant), 28 U.S.C. § 1361 (writ of mandamus), and 5 U.S.C. §§ 701-706 (APA).

2.      The injunctive and declaratory relief sought herein is authorized in actions arising under the statutes cited above as well as by 28 U.S.C. § 2201 (declaratory relief) and 28 U.S.C. § 2202 (injunctive relief).

3.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) because the defendant, in her official capacity, resides in this district and all of the actions and omissions complained of herein occurred in this district.

**Parties**

4.      Plaintiff Awana Clubs International ("Awana") is a non-profit Illinois corporation which maintains its principal office at the address listed in the caption.  Awana has been accorded tax-exempt status by the Internal Revenue Service as a charitable organization within the meaning of Internal Revenue Code § 501(c)(3).

5.      Awana strives to be a strategic partner with churches and ministries in a global effort to ensure the opportunity for all children and youth to be evangelized and discipled in Christ.  Awana's mission is to work with its ministry partners in creating and disseminating integrated programs, tools and training that equip leaders to evangelize and disciple children and youth for Christ.  In an effort to fulfilling its mission, Awana uses a systematic approach for training children from preschool to high school to know, love and serve Christ.  Awana missionaries and their ministry teams provide hands-on training opportunities to local churches.

Awana offers special events as outreach tools and service opportunities for young people and their families and friends.

6.     Defendant is the director of the Office of Personnel Management ("OPM"), an agency of the executive branch of the government of the United States.  OPM is charged with, *inter alia*,  interpreting regulations (5 C.F.R. Part 950) governing the solicitation of federal civilian employees, postal employees, and  uniformed service personnel for contributions (*via* voluntary payroll deductions and otherwise) to charitable organizations.  This procedure is referred to as the "Combined Federal Campaign" ("CFC").

### Background

7.     Christian Service Charities is a tax-exempt, federated group which represents Christian charitable organizations with a statement of faith that are tax-deferred charities. Christian Service Charities organizes and prepares its member charities for effective participation in at-work employee charitable fund drives and other types of fund raising activities.  It engages in fund drive application assistance, reviews and certifies charitable agency eligibility documentation, disseminates information about its member charities to the workplace-giving public, organizes member participation in fund drive promotional educational events, represents its members before fund drive organizing or regulatory authorities, and transmits contributions and contributors' names and addresses to recipient charities.  Christian Service Charities is an OPM approved national federation eligible to participate in the 2006 CFC on behalf of its member organizations.

8.     Awana is a member in good standing of Christian Service Charities and has been a member for many years.  It authorized Christian Service Charities to represent it before OPM

in connection with the 2006 CFC.  National federations such as Christian Service Charities, eligible to participate in the CFC, submit annually to OPM lists of member organizations eligible to participate in the CFC.  Individual members of national federations do not submit applications to participate in a particular CFC unless requested to do so by OPM.

9.      Federal regulations govern, *inter alia,* criteria to be met by charitable organizations which seek to be included in the "National List" of organizations eligible to participate in the CFC.  Organizations must apply (or reapply, as the case may be) each year for inclusion in the CFC on a form developed by OPM.  To be included in the CFC, an applicant (in general) must establish that it is a human health and welfare organization which carries out its program activities in 15 or more different states or one foreign country over the three year period immediately preceding the beginning of the CFC campaign year.  *See* 5 C.F.R. § 950.202, set forth below.

10.     OPM promulgated at 5 C.F.R. Part 950 regulations governing, *inter alia*, National List eligibility requirements which pertain to the applications of charitable organizations for inclusion in the CFC.  The  specific provisions of said regulations at issue are the following:

**§ 950.202 National list eligibility requirements.**

All organizations seeking national list eligibility must:

> (a) Certify that it [sic] provides or conducts real services, benefits, assistance, or program activities, in 15 or more different states or a foreign country over the 3 year period immediately preceding the start of the year involved. The requirement cannot be met on the sole basis of services provided through an "800" telephone number or by sending materials via the U.S. Postal Service or a combination thereof.  A schedule listing those states (minimum 15) or the foreign countries (minimum 1) where the program activities have been provided and a detailed description of the activities in each state or foreign country must be included with the

4

application. While it is not expected that an organization maintain an office in each state or foreign country, a clear showing must be made of the actual services, benefits, assistance or activities provided in each state or foreign country.

## Chronology and Summary of Events

11.     On or about January 31, 2006, Christian Service Charities submitted its list of eligible member organizations certified for participation in the 2006 CFC.  Awana was included among the eligible member organizations.

12.     On or about February 4, 2006, the defendant requested from Christian Service Charities a copy of Awana's application to participate in the 2006 CFC.  Christian Service Charities submitted to defendant Awana's 2006 CFC application along with supporting attachments.  In its Attachment A, Awana described in detail activities undertaken **in forty-four (44) states and seventeen (17) countries**.  *See* Exhibit "A," attached hereto (Note, the original Attachment A to Awana's application consisted of 275 pages–given the document's large size, Awana has only included the first page of description of services for each state).

13.     Attachment A described services provided by Awana in 2003-2005.  These services were provided in forty-four (44) states and seventeen (17) countries.  For each state and country, Awana indicated the services provided.  Additionally, Awana provided a detailed description of the services, the number of people served, and the locations where the services took place.  Awana's services fall under six basic categories, which include: Club Meetings, Scholarship Camps, Bible Quizzing, Game Competition, Leadership Conferences, and Basic Leadership Training.  An example of a  summary of each of these program activities is as follows:

**Club Meetings:**
Children and leaders participate in games that helped children learn about teamwork, discipline and sportsmanship. Children interacted with leaders as they completed their handbooks and earned awards. Clubbers gathered as a group to sing received awards and participated in Bible lessons.

**Awana Scholarship Camps:**
These camps offered fun, friendship, and character building experiences. Our staff of camp directors put together a weeklong itinerary of activities including sports, crafts, leadership opportunities, and Bible studies, to challenge and strengthen campers. These camps run from June through August

**Bible Quizzing:**
Generally held during the months of January through March. Club teams from North America tested their Bible knowledge in this popular event.

**Awana Game Competition:**
The competition featured clubs competing against one another in 10 unique Awana games.

**Leadership Conferences:**
Conferences are held annually during the months of September through December. Leaders learned new techniques in working with their clubbers, as well as opportunities to sharpen their skills.

**Basic Leadership Training:**
Missionaries conducted leadership-training sessions throughout the year.

14.     On May 4, 2006, defendant, acting through Mara T. Patermaster, Director, Office of CFC Operations, denied Awana's application because it allegedly "did not include sufficient information to support a claim that the organization provided or conducted real services, benefits, assistance, or program activities in 15 or more different states of a foreign country over the three-year period immediately preceding January 2006." *See* Exhibit B attached hereto. The letter from Ms. Patermaster afforded Awana an opportunity to file an appeal with Dan G. Blair, Deputy Director of OPM ("Mr. Blair"). The letter stated further: "Your appeal need only respond to the deficiencies described in Attachment One."

6

15.     By letter, dated May 17, 2006, Christian Service Charities, on behalf of Awana, appealed the initial denial of Awana's application to participate in the 2006 CFC.  *See* Exhibit "C" attached hereto.  The appeal asserted that the Attachment A provided met eligibility requirements of 5 C.F.R. 950.202(a) and of the 2006 CFC application and requested that OPM reconsider its decision.

16.     By letter dated July 21, 2006 (Exhibit "D" attached hereto), defendant, through OPM Deputy Director Blair, sustained the decision to deny Awana's application.  Mr. Blair offered no further information; the letter simply states that the decision regarding Awana is sustained.  The letter is final for administrative purposes for the 2006 CFC.

17.     On or about July 31, 2006, OPM will have completed the 2006 National/International List of Participating Agencies to be posted on the OPM web site.  Sometime shortly after July 31, 2006, OPM will distribute to local combined federal campaigns the National List of charitable organizations included in the 2006 CFC.  *See* CFC schedule attached hereto as Exhibit "E."  Upon information and belief, after July 31, 2006, the local combined federal campaigns will commence printing brochures for distribution to federal employees on or about September 1, 2006.  These brochures contain both National List charities and local charities.

18.     Despite receiving Awana's appeal on or about May 17, 2006, OPM did not respond until the letter of July 21, 2006, which was received on July 26, 2006, just days before the National List is finalized.  This gave Awana only a very brief period in which to retain counsel and prepare pleadings, resulting in significant hardship to Awana.

19.     If Awana is not included on the National List, it will suffer irreparable injury,

including, but not limited to, being deprived of contributions which it otherwise would have received, as well as being deprived of the opportunity to recruit volunteers to support its programs.

### Cause of Action
(Judicial Review of Agency Action Pursuant to 5 U.S.C. § 701, *et seq.*)

20.    The allegations of paragraphs 1 through 19 are incorporated as though fully set forth here.

21.    Defendant has acted without authority and in an arbitrary and capricious manner and in violation of Awana's First Amendment rights, in interpreting the regulations and applying them to Awana, in the following respects:

A.    Section 950.202 (a) requires the applicant to submit a schedule of a minimum of 15 states or one foreign country where the applicant conducts "real services, benefits, assistance or program activities." The applicant is required to demonstrate that it provides "actual services, benefits, assistance or activities" in these states or in one or more foreign countries. An applicant is not required to maintain an office in each state or foreign country where it conducts its activities. Neither "real services, benefits, assistance or program activities" nor "actual services, benefits, assistance or activities" is defined in the regulations and such terms are vague and lack the necessary specificity in violation of the First Amendment.

B.    In spite of the constitutional infirmity of § 950.202(a), Awana complied with the requirements of this regulation, nevertheless. Awana set forth in Attachment A to its application the actual services, benefits, assistance, and activities it carried out in forty-four states during the three year period preceding the submission of its application. *See* paragraph 13 above. Awana's mission is to work with its ministry partners in creating and disseminating

8

integrated programs, tools and training that equip leaders to evangelize and disciple children and youth for Christ. Attachment A clearly identified those states where Awana's services were provided and the years when they occurred. These disclosures constitute "a clear showing" and "detailed description" of the "actual services, benefits, assistance or activities provided."

C.    In 2006, Christian Service Charities submitted its list of eligible member organizations certified for participation in the 2006 CFC. Awana was included among the eligible member organizations. Christian Services Charities was selected for a full review in 2006 and it submitted the applications of about sixty-five organizations for the 2006 CFC campaign. Many of these applications were substantially similar. However, some of the applications were approved and others were not. The defendant provided no explanation of the denial of Awana's application, which demonstrated substantial service programs throughout the country. The defendant was inconsistent and arbitrary in the denial of Awana's application.

D.    Moreover, the defendant failed to detail the reasons for the denial of Awana's application. By not detailing the reasons for its denial of Awana's 2006 CFC application, the defendant has effectively denied the organization an adequate appeal process. Awana has been denied its due process appeal rights under 5 C.F.R. § 950.

22.    Defendant's denial of Awana's application was arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. § 501, *et seq.*, and violated Awana's First Amendment rights.

23.    Defendant's interpretation of the regulations was similarly arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. § 501, *et seq.*, and violated Awana's First Amendment rights.

**Request for Relief**

24.    Wherefore, premises considered, plaintiff respectfully requests the following relief:

A.    A temporary restraining order preventing defendant from excluding Awana from the 2006 CFC pending a hearing on the merits by this Court;

B.    A preliminary injunction, in the nature of mandamus, requiring defendant to include Awana in the 2006 CFC;

C.    A permanent injunction, in the nature of mandamus, requiring defendant to include Awana in the 2006 CFC;

D.    A declaratory judgment that defendant erred  in denying Awana's application for inclusion in the 2006 CFC and that defendant acted arbitrarily and capriciously in violation of the APA.

E.    Such other and further relief and remedies as may be proper and serve the interests of justice; and,

F.    An award in such monetary amount as may reimburse plaintiff for the legal fees and costs incurred by plaintiff as a result of defendant's actions and omissions, as set forth herein.

Respectfully submitted,

AWANA CLUBS INTERNATIONAL

By Counsel

10

/s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #393020)
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314
(703) 684-4333
(703) 548-3181 (facsimile)

Noland MacKenzie Canter, Esq. (D.C. Bar #93616)
Mark J. Diskin, Esq. (D.C. Bar #334086)
COPILEVITZ & CANTER, LLC
1900 L Street, N.W., Suite 215
Washington, D.C. 20036

*Counsel for Plaintiff*

## **VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

July 27, 2006.


By:    /s/_____
        Title: